# UNITED STATES PROBATION OFFICE

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

## Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

**Name of Offender:** Joseph McAfee  **Docket Number:** 3:11-CR-074-001

**Name of Sentencing Judicial Officer:** The Honorable Thomas A. Varlan
United States District Judge

**Date of Original Sentence:** January 11, 2012

**Original Offense:** <u>Counts One and Two:</u> Distribution of Cocaine Base, in violation of Title 21 U.S.C. § 841(a)(1) and Title 21 U.S.C. § 841(b)(1)(C);

<u>Count Three:</u> Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18 U.S.C. § 924(c) and Title 18 U.S.C. § 924(c)(1)(A)(i);

<u>Count Four:</u> Possession with Intent to Distribute Cocaine Base, in violation of Title 21 U.S.C. § 841(a)(1) and Title 21 U.S.C. § 841(b)(1)(C)

**Class:** A Felony (Count Three)  **Criminal History Category:** II

**Original Sentence:** 101 months imprisonment, followed by five (5) years of supervised release

**Amended Sentence – April 22, 2016:** Pursuant to Title 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual, the defendant's sentence was reduced to 93 months imprisonment.

**Type of Supervision:** Supervised Release

**Date Supervision Commenced:** February 23, 2018

**Date Supervision Expires:** February 22, 2023

**Assistant U.S. Attorney:** Kelly Ann Norris

**Defense Attorney:** Susanne Bales

***************************************

## PETITIONING THE COURT

To modify the conditions of supervision to include the following additional special condition:

> **Special Condition #2: The defendant shall have no contact, direct or indirect, with Ebony Vincente.**

## CAUSE

On January 29, 2021, this officer submitted a Report on Offender Under Supervision, informing the Court that Mr. McAfee had been arrested by the Knoxville Police Department (KPD) for the offense of Domestic Assault, in violation of Tennessee Code Annotated, Section 39-13-111, a Class A misdemeanor. An independent investigation revealed conflicting information regarding the alleged conduct, in which the victim recanted the allegations. This resulted in a joint recommendation from the United States Probation Office and the United States Attorney's Office, that the Court take no action until final adjudication of the pending charges. In the meantime, Mr. McAfee was expected to participate in anger management training with his therapist at Cherokee Health Systems and to abstain from all contact with the victim. Your Honor approved this officer's plan the same day, January 29, 2021.

A few weeks later, on February 22, 2021, a record check revealed that Mr. McAfee had an outstanding warrant for another Assault charge. A copy of the Affidavit of Complaint was secured, which indicated that on February 12, 2021, the Knoxville Police Department charged Mr. McAfee with Domestic Assault, in violation of Tennessee Code Annotated, Section 39-13-111, a Class A misdemeanor. The Affidavit alleges the following:

> On 02/11/2021 at 23:23 hours I, Officer J. Reed (2291) responded to a disturbance on 400 N Central St at Kenjo. Upon arrival officers found the victim, Ebony Vincente, insider her vehicle. The victim stated her boyfriend had assaulted her outside his house on 1203 Texas Ave. after an argument and stole her phone. The victim stated she then drove to Kenjo to call for help. The victim stated the defendant, Joseph McAfee, had pulled her out of her car after an argument and she blacked out. The victim stated when she woke back up she could tell he had beaten her. The victim had mud on her clothes, a swollen lip, and had several abrasions on her hands. The victim stated the defendant is her boyfriend of three years and he has continuously harmed her. The victim stated she is afraid to go to Court against the defendant in fear that him or his family will harm her. A records NCIC check revealed the victim has an active order of protection against the defendant. Officers attempted to make contact with the defendant at his residence but he did not answer the door.

This officer launched another independent investigation immediately following the discovery of the outstanding warrant, in order to make an appropriate recommendation to the Court. On February 23, 2021, this officer contacted Robin Roddie, Mr. McAfee's therapist at Cherokee Health Systems, and verified that the offender has been participating in anger management training. Ms. Roddie reported that they had last met on February 12, 2021, the day after the alleged assault, and discussed violence mitigation. She noted that Mr. McAfee did not indicate there had been an altercation with Ms. Vincent. However, he did report having problems with Ms. Vincente coming over to his house, despite the no contact order.

On February 24, 2021, this officer contacted Mr. McAfee to discuss the allegations. He denied assaulting Ms. Vincente, and further indicated, that he was not aware of the outstanding warrant for his arrest. However, he

admitted that Ms. Vincente had been to his house several times, but he claimed that he had refused to speak with her. He reported that Ms. Vincente became very angry with him for refusing to speak with her and even tried to break through the door once. He did not report any of this contact to this officer or local law enforcement.

Although Mr. McAfee was displeased to discover there was an outstanding warrant for his arrest, he indicated that he was willing to do whatever was necessary to remain in compliance with supervision. The offender was subsequently instructed to report to the Knoxville Police Department for service of the outstanding warrant and further instructed to have no contact with Ebony Vincente.

Later that same day, this officer spoke with Ebony Vincente regarding the alleged conduct. She immediately recanted the allegation, and indicated, that Mr. McAfee did not assault her. She claimed that she had been drunk on the day in question and went to his house of her own volition. She reported that she tripped while going up the stairs and sustained the injuries noted in Affidavit of Complaint.

On February 25, 2021, this officer spoke with the arresting officer, Jasmine Reed, regarding the allegations made by Ms. Vincente. Officer Reed indicated that Ms. Vincent was indeed heavily intoxicated at the time of their encounter, but she also noted that the victim's clothing was covered in mud. Based on the amount and location of the mud, Officer Reed believed the victim had been dragged through the mud, rather than simply falling in it. Additionally, Officer Reed noted that the victim demonstrated real fear of Mr. McAfee. These observations led Officer Reed to conclude that Ms. Vincente had been assaulted.

The same day, this officer conferred with Assistant United States Attorney Caryn Hebets and discussed the results of the independent investigation. It is recognized that the alleged conduct is concerning, but the victim has twice now recanted her allegations of assault. Further, the offender continues to deny having assaulted Ms. Vincente and has been compliant with all other instructions. These factors led both this officer and AUSA Hebets to recommend the Court add a condition restricting contact between Mr. McAfee and the victim, with no further action until final adjudication of the state charges.

On February 26, 2021, Mr. McAfee complied with this officer's instruction and reported to the Knoxville Police Department to address the outstanding warrant. He was arrested and subsequently released on bond. The case is docketed for Arraignment before the Knox County General Session Court on March 22, 2021.

Based on the above, this officer respectfully recommends Your Honor add a condition restricting contact between Mr. McAfee and Ms. Vincente, but take no further action, until final adjudication of the pending state charges. Adding the condition for no contact will protect the victim, while withholding further action will provide greater clarity regarding the alleged conduct and assist in determining a fair and appropriate way to proceed with Mr. McAfee's term of supervised release. Mr. McAfee agrees with the additional condition and has signed a Waiver of Hearing in support of the proposed modification. If the pending charges are dismissed, this officer will continue to enforce the no contact order, as well as the previously imposed sanctions noted in the Report on Offender Under Supervision. If Mr. McAfee is convicted of either offense, this officer will notify the Court and make further recommendations.

Respectfully submitted,

_Joshua Brown_     3/10/2021
Joshua Brown
United States Probation Officer

APPROVED:

_C. W. Covert, Jr._     3/10/2021
C. W. Covert, Jr.                        Date
Supervising United States Probation Officer

JLB:sw

**ORDER OF COURT:**

The conditions of supervision are hereby modified to include the following additional special condition:

> **Special Condition #2: The defendant shall have no contact, direct or indirect, with Ebony Vincente.**

So ordered.

**ENTER.**

_Thomas A. Varlan_
**The Honorable Thomas A. Varlan**
**United States District Judge**